1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   REAMEL CURTIS,                        )   Case No.: 1:13-cv-02090-LJO-BAM (PC)
                                           )
12                Plaintiff,               )   SECOND SCREENING ORDER DISMISSING
                                           )   AMENDED COMPLAINT AND GRANTING
13         v.                              )   LEAVE TO AMEND
                                           )   (ECF No. 12)
14   JEFFREY BEARD, et al.,                )
                                           )
15                Defendants.              )
                                           )   THIRTY-DAY DEADLINE
16   _____)

17         **I.      Screening Requirement and Standard**

18         Plaintiff Reamel Curtis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

19   in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 14, 2014, the Court dismissed

20   Plaintiff's first amended complaint with leave to amend within thirty days.  (ECF No. 11.)  Plaintiff's

21   second amended complaint, filed on November 17, 2014, is currently before the Court for screening.

22   (ECF No. 12.)

23         The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

25   1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

26   malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

27   from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

28   1915(e)(2)(B)(ii).

                                                   1

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is

2  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell

5  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

6  allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.

7  Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

8  omitted).

9    To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient

10  factual detail to allow the Court to reasonably infer that each named defendant is liable for the

11  misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v.

12  United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant

13  acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the

14  plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572

15  F.3d at 969.

16    **II.    Plaintiff's Allegations**

17    Plaintiff is currently housed at Salinas Valley State Prison. The events in the complaint are

18  alleged to have occurred while Plaintiff was housed at CSP-Corcoran. Plaintiff names the following

19  defendants: (1) Chief Deputy Warden F. P. Fields; (2) Captain T. Variz; (3) Captain F. Munez; (4) Lt.

20  M. Gamboa; (5) Sgt. J. Gonzales; (6) Sgt. C. Henderson; (7) CC II J. Diaz; (8) CC I P. Paprzycki; and

21  (9) Officer H. Flores.

22    Plaintiff alleges:   On October 3, 2011, Plaintiff was involved in a physical altercation with

23  Inmate Butler. Plaintiff and Inmate Butler were placed back in their original cells.

24    On October 7, 2011, Plaintiff was involved in another physical altercation with Inmate Butler.

25  As a result of this physical altercation, Plaintiff and Inmate Butler became documented enemies.

26  Plaintiff also was placed in CDCR-Administrative Segregation Unit.

27

28

2

1      On November 30, 2011, Plaintiff went to committee.  The committee members elected to

2  release Plaintiff from Ad-Seg back to facility 3B.  Inmate Butler was re-housed on facility 3A.

3  Plaintiff successfully programmed on facility 3B for five months.

4      During the early months of 2012, facility 3B was being converted from a General Population

5  facility to a Sensitive Needs Yard.  As a result, Plaintiff had to go to ICC in order to be transferred to a

6  new location designed to house General Population inmates.

7      On February 26, 2012, Plaintiff was endorsed to SATF-180-IV-GP.  Instead of being sent to

8  SATF, Plaintiff was sent to facility 3A05-116 on April 5, 2012.  When Plaintiff arrived at 3A05, he

9  saw that Inmate Butler was housed in 3A05-226.  Plaintiff notified staff and wrote the counselor, Sgt.

10 seeking new housing to avoid conflict with his documented enemy.  Plaintiff was left on orientation

11 status (no out of cell movement) for 3 weeks.

12      On April 26, 2012, Plaintiff was released from orientation and during his first day at yard was

13 assaulted by Inmate Butler.  In addition to suffering injuries from the assault, Plaintiff also suffered

14 injuries to his eyes due to officers deploying instantaneous Oleoresin Capsicum (OC) blast grenades.

15 As a result of the physical altercation with Inmate Butler, Plaintiff was placed in Ad-Seg on April 26,

16 2012.

17      On May 4, 2012, Plaintiff's enemy concerns chrono was updated.  On May 14, 2012, Plaintiff

18 filed a 602/staff complaint against CDCR staff for housing Plaintiff with a documented enemy and not

19 moving Plaintiff when he asked to be moved.

20      Plaintiff alleges that he suffers from pre-existing psychological issues and takes medication for

21 this condition.  He also has physical limitations, including medical shoes and the inability to lift

22 weight in excess of 25 pounds.  After the April 26, 2012 assault, Plaintiff contends that he began to

23 suffer paranoia, anxiety and nightmares, believing that CDCR staff intentionally set him up to be

24 assaulted.  Plaintiff still fears for his safety.

25 **III.    Discussion**

26 **A.  Linkage Requirement**

27 The Civil Rights Act under which this action was filed provides:

28     Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen
        of the United States ... to the deprivation of any rights, privileges, or immunities secured by the

3

1
2

Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the

4

actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v.

5

Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S.

6

362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects'

7

another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an

8

affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally

9

required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d

10

740, 743 (9th Cir. 1978).

11

As with his first amended complaint, Plaintiff again fails to link any individual defendant to a

12

constitutional violation.   Rather, Plaintiff refers generally to "defendants," but does not specifically

13

link any of them to knowledge that Plaintiff and Inmate Butler were known enemies.  For example,

14

Plaintiff merely alleges that "Defendants . . . knew that the plaintiff and Inmate Butler had previously

15

been involved in multiple physical altercations" and that "Defendants received copies of Incident

16

reports and 812 form (enemy list) and knew that the plaintiff and Butler were to be kept separate [sic]

17

but failed to do so."  (ECF No. 12, p. 8.)  General and conclusory allegations involving all defendants

18

are not sufficient.  In other words, Plaintiff must allege specific factual information linking the

19

individual defendants to the alleged constitutional violation.  Plaintiff will be given a final opportunity

20

to cure this deficiency.

21

## II.      Failure to Protect

22

The Eighth Amendment protects prisoners from inhumane methods of punishment and from

23

inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

24

Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with

25

food, clothing, shelter, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33,

26

114 S.Ct. 1970 (1994) (quotations omitted).  Prison officials have a duty under the Eighth Amendment

27

to protect prisoners from violence at the hands of other prisoners because being violently assaulted in

28

prison is simply not part of the penalty that criminal offenders pay for their offenses against society.

4

1    Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir.

2    2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  Prison officials are liable under the

3    Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial

4    risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an

5    official acted or failed to act despite his knowledge of a substantial risk of serious harm.  Farmer, 511

6    U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

7           In this instance, Plaintiff has set forth allegations supporting a claim for failure to protect.

8    However, Plaintiff fails to link any individual defendant to this violation or to specifically allege

9    which individual defendants, if any, knew of and were deliberately indifferent to a serious risk of

10   harm.  Indeed, Plaintiff fails to include any of the named, individual defendants in his factual

11   allegations.  Plaintiff will be given a final opportunity to cure this deficiency.  If Plaintiff amends his

12   complaint, he must allege what each individual named defendant did or failed to do that resulted in a

13   violation of his rights.

14          **IV.    Conclusion and Order**

15          Plaintiff has failed to state a claim against any individual defendant.  The Court will grant

16   Plaintiff a final opportunity to cure the identified deficiencies.  Lopez v. Smith, 203 F.3d 1122, 1130

17   (9th Cir. 2000).

18          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each

19   named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at

20   678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

21   [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555

22   (citations omitted).

23          Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims

24   in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

25   complaints).

26          Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

27   Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

28

complaint must be "complete in itself without reference to the prior or superseded pleading." Local

Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's complaint is dismissed with leave to amend;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file a third

amended complaint; and

4.      If Plaintiff fails to file a third amended complaint in compliance with this order, this

action will be dismissed for failure to obey a court order.


IT IS SO ORDERED.

    Dated:    **November 19, 2014**              /s/ *Barbara A. McAuliffe*      _
                                            UNITED STATES MAGISTRATE JUDGE