# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REAMEL CURTIS,<br><br>            Plaintiff,<br><br>     v.<br><br>JEFFREY BEARD, et al.,<br><br>            Defendants. | 1:13-cv-02090-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 13)<br><br>FOURTEEN-DAY DEADLINE |

   Plaintiff Reamel Curtis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 26, 2013.

   On November 20, 2014, the Court dismissed Plaintiff's second amended complaint with leave to amend within thirty days. 28 U.S.C. § 1915A. Plaintiff was warned that if he failed to file a third amended complaint in compliance with the order, this action would be dismissed for failure to obey a court order. More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order.

   The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions including, where appropriate, dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action

1

for failure to comply with court order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to recommend dismissal of the action for failure to obey a court order and failure to prosecute.  Id.  This action, which has been pending since December 2013, can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  Id.  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to obey a court order and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 6, 2015**              /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE