# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REAMEL CURTIS, | 1:13-cv-02090-LJO-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT |
| v. | (ECF No. 18) |
| JEFFREY BEARD, et al., | |
| Defendants. | ORDER DIRECTING CLERK OF COURT TO PROCESS PLAINTIFF'S NOTICE OF APPEAL |
| | (ECF No. 19) |

### I.      Procedural Background

Plaintiff Reamel Curtis ("Plaintiff"), a state prisoner, proceeded pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on December 26, 2013.

On November 20, 2014, the Magistrate Judge dismissed Plaintiff's second amended complaint with leave to amend within thirty days after service.  Plaintiff was warned that if he failed to file a third amended complaint in compliance with the order, then the action would be dismissed for failure to obey a court order.  (ECF No. 13.)  Plaintiff failed to timely comply with the Magistrate Judge's order.

On January 6, 2015, the Magistrate Judge issued Findings and Recommendations that this action be dismissed based on Plaintiff's failure to obey a court order and failure to prosecute.  The Findings and Recommendations were served on the Plaintiff and contained notice that any

1

objections were to be filed within fourteen (14) days after service.  (ECF No. 14.)  No objections were filed.  Thereafter, on January 29, 2015, the undersigned adopted the Findings and Recommendations in full and dismissed this action based on Plaintiff's failure to obey a court order and failure to prosecute.  (ECF No. 15.)  Judgment was entered the same date.  (ECF No. 16.)

On February 17, 2015, Plaintiff filed a notice of change of address.  (ECF No. 17.)

On March 2, 2015, Plaintiff filed objections to the Magistrate Judge's findings.  By his objections, Plaintiff seeks to vacate the judgment.  He also requests a thirty-day extension of time to amend his complaint.  (ECF No. 18.)  The Court construes Plaintiff's objections as a motion for reconsideration.

On March 20, 2015, Plaintiff filed a document that appears to be a notice of appeal. (ECF No. 19.)

## II.  Motion to Vacate Judgment

Plaintiff submitted his motion to vacate the judgment for mailing on February 25, 2015. (ECF No. 18, p. 5.)  Applying the prison mailbox rule, Plaintiff filed his motion for reconsideration within 28 days after entry of judgment.  A motion for reconsideration, such as that filed by Plaintiff, is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within 28 days after the entry of judgment.  United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir.1992); Fed. R. Civ. P. 59(e).

Relief pursuant to Rule 59(e) is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes.  School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993).  To avoid being frivolous, such a motion must provide a valid ground for reconsideration.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir.1986).

Here, Plaintiff contends that his legal property was taken from him fifteen days after the Magistrate Judge issued the order dismissing his amended complaint with leave to amend on November 20, 2014.  (ECF No. 18, pp. 2-3.)  Plaintiff also asserts that he was transferred to

Pelican Bay Prison and prison officials refused to return his legal property.  (ECF No. 18, p. 3.)  Plaintiff also contends that prison officials deprived him of the "means" to respond to the Court in a timely manner.  (ECF No. 18, p. 4.)  Plaintiff requests a thirty-day extension of time to file an amended complaint without obstruction.  He also requests an order directing the return of his property, along with a restraining order to prevent retaliation.  (ECF No. 18, p. 4.)

       The Court has considered Plaintiff's moving papers, but does not find that they support relief under Rule 59(e) due to highly unusual circumstances.  Plaintiff does not indicate when he was transferred or, critically, why he could not seek an extension of court deadlines without access to his legal property.  According to the docket, Plaintiff made no attempt to request additional time to file an amended complaint following the Magistrate Judge's November 20, 2014 screening order.  Plaintiff also made no attempt to contact the court or request additional time to respond to the Magistrate Judge's Findings and Recommendations regarding dismissal of this action, which were issued on January 6, 2015.  Indeed, Plaintiff does not explain why he was unable to contact the Court in the more than three-month period between the Magistrate Judge's November 2014 screening order and the subsequent dismissal of this action in January 2015.

       Plaintiff has not provided grounds supporting his motion to alter or amend the judgment.  However, in addition to the motion, Plaintiff also has filed a notice of appeal.  Accordingly, the Court will direct the Clerk to process the notice of appeal to the United States Court of Appeals for the Ninth Circuit.

**III.     Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to vacate the judgment, filed on March 2, 2015, is HEREBY DENIED; and
2. The Clerk of the Court is directed to process Plaintiff's notice of appeal filed on March 20, 2015.

IT IS SO ORDERED.

   Dated:   **May 26, 2015**                              **/s/ Lawrence J. O'Neill**
                                                                     UNITED STATES DISTRICT JUDGE

3.